UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

CARL WEST,                                    )
            Plaintiff,              )       2:12-cv-00657 JWS
      vs.                               )       ORDER AND OPINION
CITY OF MESA & JEFFREY JACOBS, )       [Re: Motion at Docket 3]
            Defendants.             )
_____)

## I.  MOTION PRESENTED

At docket 3, defendants the City of Mesa ("the City") and Jeffrey Jacobs
("Jacobs"; collectively "defendants") move pursuant to Federal Rule of Civil
Procedure 12(b)(6) to dismiss the complaint for failure to state a claim.  Plaintiff Carl
West ("West") opposes the motion at docket 6.  Defendants' reply is at docket 12.  Oral
argument was not requested and would not assist the court.

## II.  BACKGROUND

In 2003, West was convicted of conspiracy to commit armed robbery in Arizona
Superior Court and sentenced to 20 years in prison.  In December 2010, West's petition
for post-conviction relief was granted because several witnesses recanted their
testimony.  Shawna Hrbal ("Hrbal") was among the witnesses who recanted.  Plaintiff
alleges that Jacobs–a City police officer–interviewed Hrbal prior to his conviction and

1    manufactured aspects of Hrbal's testimony by providing her with details of which she

2    was not otherwise aware.[1]   Plaintiff's expert opined as much at plaintiff's criminal trial.

3            On February 6, 2012, based on Jacobs' conduct when interviewing Hrbal in

4    2003, West filed a complaint in Arizona state court asserting claims against Jacobs and

5    the City for abuse of process, malicious prosecution, negligence, intentional infliction of

6    emotional distress, negligent supervision, false arrest, wrongful conviction, false

7    imprisonment, negligent misrepresentation, fraud, and one claim pursuant to 42 U.S.C.

8    § 1983.  The case was removed to federal court on March 28, 2012.

9                                    ### III.  STANDARD OF REVIEW

10           A motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil

11   Procedure 12(b)(6), tests the legal sufficiency of a plaintiff's claims.  In reviewing such a

12   motion, "[a]ll allegations of material fact in the complaint are taken as true and

13   construed in the light most favorable to the nonmoving party."[2]  Dismissal for failure to

14   state a claim can be based on either "the lack of a cognizable legal theory or the

15   absence of sufficient facts alleged under a cognizable legal theory."[3]  "Conclusory

16   allegations of law . . . are insufficient to defeat a motion to dismiss."[4]

17           To avoid dismissal, a plaintiff must plead facts sufficient to "state a claim to relief

18   that is plausible on its face."[5]  "A claim has facial plausibility when the plaintiff pleads

19   factual content that allows the court to draw the reasonable inference that the defendant

20   is liable for the misconduct alleged."[6]  "The plausibility standard is not akin to a

---

22   [1]West maintains that Jacobs provided Hrbal with the last names of suspects in a
23   robbery, quantities of drugs, and details about weapons.  Doc. 1 at 5–7.

24   [2]*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

25   [3]*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

26   [4]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

27   [5]*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

28   [6]*Id.*

1   'probability requirement' but it asks for more than a sheer possibility that a defendant

2   has acted unlawfully."[7]  "Where a complaint pleads facts that are 'merely consistent'

3   with a defendant's liability, it 'stops short of the line between possibility and plausibility of

4   entitlement to relief.'"[8]  "In sum, for a complaint to survive a motion to dismiss, the non-

5   conclusory 'factual content,' and reasonable inferences from that content, must be

6   plausibly suggestive of a claim entitling the plaintiff to relief."[9]

7   **IV.  DISCUSSION**

8   **A. § 1983 Claim Against the City**

9        Defendant argues that plaintiff's § 1983 claim against the City should be

10  dismissed because there is no respondeat superior liability under that section.[10]

11  Defendant also argues that all of plaintiff's claims against the City are premised on

12  § 1983.  Plaintiff responds that his state law claims are not asserted pursuant to § 1983.

13  In order to maintain a claim against a local government, a plaintiff must establish that

14  "the local government had a deliberate policy, custom, or practice that was the moving

15  force behind the constitutional violation . . . suffered."[11]  Even though plaintiff's complaint

16  states that "each" defendant "has violated the provisions of . . . 42 U.S.C. § 1983,"[12]

17  plaintiff has not alleged that Jacobs acted in conformity with a City policy, custom, or

18  practice.  Therefore, plaintiff's § 1983 claim against the City must be dismissed.

19

20  **B. Malicious Prosecution & Wrongful Conviction**

21

22        [7]*Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

23        [8]*Id.* (quoting *Twombly*, 550 U.S. at 557).

24        [9]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

25        [10]*See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).

26        [11]*Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007) (quoting *Monell*, 436 U.S.

27  at 694–95).

28        [12]Doc. 1-2 at 12.

Defendant argues that plaintiff's malicious prosecution and wrongful conviction claims have not accrued and should therefore be dismissed.  In Arizona, "[t]he elements of malicious prosecution are: (1) litigation instituted by defendant; (2) termination of proceedings in favor of the plaintiff; (3) absence of probable cause; and (4) presence of malice."[13]  Arizona follows the majority "rule that the pendency of an appeal precludes a malicious prosecution action."[14]  The State of Arizona has appealed the order granting plaintiff's petition for post-conviction relief.  Therefore, plaintiff is unable to demonstrate that the earlier proceedings against him have been terminated in his favor, and he is unable to state a claim for malicious prosecution.

Although defendant argues that a similar rule bars plaintiff's claim for wrongful conviction, the court is unaware of any claim for wrongful conviction under Arizona law. To the extent plaintiff's wrongful conviction claim was meant to be asserted pursuant to § 1983, it is inadequately pled and, in any event, must be dismissed with respect to the City for the reasons set out above.[15]

**C. Statutes of Limitation**

Defendant argues that all of plaintiff's other claims are time-barred because either the relevant statute of limitation has run or plaintiff failed to file a notice of claim.

The allegedly tortious conduct occurred in 2003.  Plaintiff's complaint was filed in 2012.  In Arizona, claims against public entities and public employees "shall be brought within one year after the cause of action accrues."[16]  Even in actions against non-public entities or employees, there is a one-year limitation period for false imprisonment

---

[13]682 P.2d 1156, 1157 n.1 (Ariz. Ct. App. 1984).

[14]*Id.* at 1158.

[15]It is also time-barred, as discussed below.

[16]A.R.S § 12-821.

claims.[17]  To the extent any of plaintiff's claims are premised on 42 U.S.C. § 1983, federal courts in Arizona apply a two-year statute of limitation to § 1983 claims.[18]

Plaintiff's claims for false imprisonment and false arrest accrued on the date of the arrest and the limitation period has therefore expired.[19]  Plaintiff's malicious prosecution claim will not accrue unless and until the appeal process has taken its course.[20]  With respect to plaintiff's other claims, in general, a claim in Arizona does "not accrue until the plaintiff knows or, in the exercise of reasonable diligence, should know the facts underlying the"[21] claim.

It is clear that plaintiff was aware of the conduct giving rise to his claims during his 2003 trial because plaintiff's expert testified that Jacobs' questioning of Hrbal was improper.[22]  That is the only alleged conduct underlying plaintiff's claims.  Because plaintiff was aware of the facts underlying his claims in 2003, the limitation periods for those of his claims that have accrued have expired.[23]

Plaintiff responds that the limitation period should be tolled because he was incarcerated.  Arizona Revised Statute § 12-502 provides that "[i]f a person entitled to bring an action . . . is at the time the cause of action accrues either under eighteen

---

[17]A.R.S. § 12-541(1).

[18]*TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

[19]*See Hansen v. Stoll*, 636 P.2d 1236, 1242 (Ariz. Ct. App. 1981); *see also Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975) ("If the arrest or imprisonment has occurred pursuant to valid legal process, the fact that the action was procured maliciously and without probable cause does not constitute false arrest or false imprisonment.").

[20]*See Glaze v. Larsen*, 83 P.2d 26, 29 (Ariz. 2004).

[21]*See Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 898 P.2d 964, 966 (Ariz. 1995) (citation omitted).

[22]Doc. 1 at 7; *see also* doc. 9 at 5.

[23]The claims that have accrued are plaintiff's false imprisonment, false arrest, intentional infliction of emotional distress, abuse of process, negligence, negligent misrepresentation, fraud, negligent supervision, and plaintiff's § 1983 claim.

years of age or of unsound mind, the period of such disability shall not be deemed a portion of the period limited for commencement of the action."[24]  That statute formerly designated imprisonment a disability and therefore tolled claims that accrued when a plaintiff was imprisoned during the period of imprisonment.[25]  The current version of the statute omits reference to imprisonment altogether and no longer recognizes imprisonment as a legal disability.[26]  Plaintiff has cited no authority, and the court is unaware of any, construing the current version of § 12-502 to toll claims based on a plaintiff's imprisonment.

Plaintiff also argues that the continuing violation provision of A.R.S. § 44-1245(B) render his claims timely.  That statute states that "[a] person is guilty of a separate offense for each day during any portion of which a violation of this article is committed, continued or permitted by such person."[27]  That statute does not toll limitation periods.  Plaintiff also mistakenly relies on the continuing violation doctrine.[28]  Application of that doctrine depends on "repeated instances or continuing acts of the same nature."[29]  Successive days of incarceration do not constitute either repeated instances or continuing acts attributable to Jacobs or the City.

Plaintiff has not identified any other basis for tolling the applicable limitation periods.  Dismissal is therefore proper.

---

[24]A.R.S. § 12-502.

[25]*See Smith v. MacDougall*, 676 P.2d 656, 658 (Ariz. Ct. App. 1984).

[26]*See* A.R.S. § 12-502, Historical and Statutory Notes.

[27]A.R.S. § 44-1245(B).

[28]*See, e.g.*, *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995).

[29]*Id.*

**D.  Federal Pleading Standard**

Even if plaintiff's claims were not time-barred, defendants are correct that plaintiff's complaint does not adequately plead claims for abuse of process, fraud, or negligent misrepresentation.  Plaintiff's allegations with respect to those claims are conclusory and the non-conclusory factual content is not plausibly suggestive that plaintiff is entitled to relief under any of those theories.

**E.  Leave to Amend**

Even when not requested, a court should "freely give leave" to amend a deficient complaint "when justice so requires."[30]  However, "[w]hen a[n] amendment would be futile, there is no need to prolong the litigation by permitting further amendment."[31] Because those of plaintiff's claims that have accrued are time-barred, and the only remaining claim has not yet accrued, amendment would be futile.

**V.  CONCLUSION**

For the reasons above, defendant's motion at docket 3 to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is **GRANTED**.  Plaintiff's complaint is **DISMISSED**.

DATED this 19th day of July 2012.

_____
/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[30]Fed. R. Civ. P. 15(a).

[31]*Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (internal quotation omitted).