WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl West, | No. CV-14-00254-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, et al., | |
| Defendants. | |

This order will address several pending motions. The motions were discussed at a hearing on January 29, 2015. The Court's reasons for some of the rulings were discussed during the hearing. A transcript of the hearing should be consulted in addition to this order.

**I.  Background.**

On June 20, 2002, Plaintiff Carl West was arrested and charged with various crimes. Doc. 18, ¶ 10. He was convicted in February 2003 in an Arizona Superior Court of conspiracy to commit armed robbery and was sentenced to twenty years in prison. *Id.*, ¶¶ 11, 25. Defendant Joe Gordwin, a former Federal Bureau of Investigation special agent, was the lead investigator on Plaintiff's case and worked with Mesa Police Detective Jeffrey Jacobs as part of the FBI Gang Task Force. *Id.*, ¶ 14. Gordwin was indicted in May 2008 for violations of federal law in connection with Plaintiff's case, including witness tampering and wire fraud. *Id.*, ¶ 27. Plaintiff alleges that Gordwin and Jacobs committed various wrongs that resulted in his conviction and incarceration.

Plaintiff filed a petition for post-conviction relief in 2008 and was released from prison in February 2011. *Id*., ¶ 30. On August 22, 2013, all charges against him were dismissed with prejudice. *Id*., ¶ 32.

Plaintiff brought this action against the United States, the FBI, Joe Gordwin, the City of Mesa, Jeffrey Jacobs, Nathan Gray, and Brian Truchon (incorrectly identified in the Amended Complaint as Brian De Shawn), alleging a number of violations relating to Plaintiff's investigation and trial. Doc. 18. The case recently was transferred to the undersigned judge. Doc. 77.

Plaintiff previously filed a separate action in this Court against the City of Mesa and Defendant Jacobs arising from the same events and asserting many of the same claims. *See West v. City of Mesa et al.*, No. CV-12-00657-PHX-JWS. Judge Sedwick dismissed some of Plaintiff's claims and found others premature. Doc. 30-3. The Ninth Circuit affirmed the order in part and reversed it in part. Doc. 87, Ex. 1. Plaintiff filed another case against the United States and Gordwin in this Court asserting many of the same claims. *See West v. U.S.A., et al.*, No. CV-13-00304-PHX-GMS. Judge Snow dismissed that action, and his ruling is now on appeal.

**II.  Motion to Amend and To Dismiss Gray.**

The Court will grant Plaintiff's motion to amend. Doc. 74. Because the proposed amendments do not alter the substance of Plaintiff's claims, the rulings in this order apply to Plaintiff's Second Amended Complaint. As only the Amended Complaint is on file at this time (Doc. 18), the Court will refer to it throughout this order.

The Court will grant Plaintiff's motion to dismiss the claims against Defendant Nathan Gray. Doc. 89. Those claims will be dismissed without prejudice.

**III.  Motion for Judgment on the Pleadings.**

Defendants City of Mesa and Jeffrey Jacobs assert that the Court should grant judgment on the pleadings with respect to several counts. Doc. 30.

**A.  Section 1983 and Abuse of Process.**

Defendants argue that Plaintiff's claim under 42 U.S.C. § 1983 (Count 1) was

found to be time-barred by Judge Sedwick, as was his claim for abuse of process (Count 6). Defendants ask that these claims be dismissed on res judicata grounds. Doc. 30 at 4-5.

### 1. Section 1983.

Judge Sedwick did hold that Plaintiff's § 1983 claims were time-barred, but that decision was reversed by the Ninth Circuit "insofar as [the claim is] based on West's prosecution." *See* Doc. 87, Ex. 1. The Ninth Circuit concluded that any § 1983 claims that attacked the validity of Plaintiff's state court conviction would have been barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), until such time as the conviction was set aside. Because Plaintiff's conviction was not set aside until 2013, his § 1983 claim based on the conviction did not accrue until that time and is not time-barred.

This rationale does not apply to a § 1983 claim that does not call into question the validity of Plaintiff's conviction. For example, Count 1 alleges claims under the Fourth Amendment. Doc. 18, ¶ 42. *Heck* would not have barred a Fourth Amendment claim based on Plaintiff's arrest. Such a claim therefore would have accrued at or near the time of his arrest more than ten years ago and would be time-barred. Plaintiff also lists the Eighth Amendment in Count 1. *Id.* Any claim based on conditions of his confinement after his conviction would not have been barred by *Heck* and would therefore be untimely. The Court will not attempt to identify every possible claim that is or is not barred, but will simply hold as follows: any § 1983 claims that, if successful, would have rendered Plaintiff's conviction invalid are not time-barred, and any § 1983 claims that would not render his conviction invalid are time-barred and will be dismissed.

### 2. Abuse of Process.

Judge Sedwick found that Plaintiff's claim for abuse of process was time-barred, and the Ninth Circuit affirmed. Doc. 87, Ex. 1. As a result, the abuse of process claim asserted against Defendants Mesa and Jacobs in this case is foreclosed by res judicata.

Plaintiff argues that the facts alleged in the Amended Complaint are different than those alleged before Judge Sedwick. This is only partially correct. The claim asserted

before Judge Sedwick was based primarily on Defendant Jacobs' allegedly improper influence over witness Hrbal in Plaintiff's state-court prosecution. Those same alleged wrongs are set forth in the Amended Complaint. *See* Doc. 18, ¶¶ 17, 18, 21-24. Although Plaintiff alleges some additional facts in this case, those facts do not permit him to assert the claim for a second time. "A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action." *Federated Dep. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added); *see also Ellingson v. Burlington M., Inc.*, 653 F.2d 1327, 1331 (9th Cir. 1981). The Court will grant Defendants Mesa and Jacobs' motion for judgment on Plaintiff's abuse of process claim (Count 6).

### B.     False Imprisonment and § 1985 Conspiracy.

Defendants assert that Plaintiff is suing them for false imprisonment. Doc. 30 at 6. Plaintiff disagrees. Doc. 34 at 6. Although the § 1983 claim in Count 1 does mention false imprisonment (Doc. 18, ¶ 44), it clearly is brought under § 1983. As explained above, this claim is not time-barred to the extent it is based on Plaintiff's conviction. Plaintiff has not asserted a free-standing false imprisonment claim in this case.

Defendants assert that Plaintiff's claim under 42 U.S.C. § 1985 (Count 5) is also time-barred because it accrued at the time of Plaintiff's conviction in 2003, or, at the latest, when Plaintiff knew the full facts regarding his conviction in 2008. A claim under § 1985, however, is subject to *Heck v. Humphrey*, 512 U.S. 477 (1994), when it is based on Plaintiff's prosecution. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1097 (9th Cir. 2004) (§ 1985 claim precluded by *Heck* as long as the underlying conviction has not been set aside). Thus, consistent with the Ninth Circuit's holding in Judge Sedwick's case, Plaintiff's § 1985 claim, like his § 1983 claim, is not time-barred to the extent it is based on Plaintiff's state-court conviction. To the extent it is based on events other than his state-court conviction, Defendants' motion is granted.

### C.     Malicious Prosecution and Notice of Claim.

Defendants argue that Plaintiff failed to serve a notice of claim on Defendant

Jacobs within 180 days of his malicious prosecution claim accruing, as required by A.R.S. § 12-821.01(A). Plaintiff asserts that he provided a notice of claim to the City, but does not argue he provided one to Defendant Jacobs. Because Arizona law requires that a notice of claim be served on an individual defendant who is an employee of a municipality, and not merely on the municipality, Plaintiff's malicious prosecution claim against Defendant Jacobs is barred and will be dismissed. *McGrath v. Scott*, 250 F.Supp.2d 1218, 1236 (D. Ariz. 2003) ("If the claimant asserts a claim against a public entity and a public employee, the claimant must give notice to both the public entity and the public employee.").

### D. Sufficiency of Malicious Prosecution Claim.

Defendants argue that Plaintiff's claim for malicious prosecution fails because they did not prosecute Plaintiff, Plaintiff cannot overcome the presumption that the indictment broke the chain of causation between Defendants' actions and Plaintiff's prosecution, and Plaintiff's state court conviction was not terminated favorably and therefore cannot provide the basis for malicious prosecution. Because these arguments overlap arguments that will be made before Judge Sedwick on the malicious prosecution claim currently being re-pleaded in his case, the Court concludes that they should not be decided now. They lie at the heart of this dispute, and consistency between the decisions in both cases will be important. As discussed with the parties on January 29, 2015, the undersigned will talk with Judge Sedwick and arrange for these cases to be consolidated. The malicious prosecution issues can then be resolved in a single proceeding.

### E. Failure to Plead § 1985 Claim.

"An indispensible element of a claim under 42 U.S.C. § 1985(3) is some racial, or perhaps otherwise class-based, invidious discriminatory animus behind the conspirator's action[.]" *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (citation omitted). Plaintiff's claim under § 1985 contains only the following race-related allegation: "There was an invidiously discriminatory animus behind the conspiracy as defendants sought to punish plaintiff for racial background." Doc. 18, ¶ 67. The

Amended Complaint contains no factual allegations to support this claim. It contains nothing about Plaintiff's race, the race of Defendants, the race of other participants in the state prosecution, or any other facts that would suggest that the wrongs alleged were in any way related to race. The Court is not required to accept as true allegations that are merely conclusory. *Sprewell*, 266 F.3d at 988. Because Plaintiff sets forth no factual allegations to support his claim that the wrongs in this case were part of a race-based conspiracy, he has failed to state a claim under § 1985. *Gawlik v. Arizona*, No. CV 12-1946-PHX-RCB, 2013 WL 2422701, at *3 (D. Ariz. June 3, 2013).

The Court is not comfortable, however, entering judgment in favor of Defendants on the basis of this pleading defect. The Court will instead dismiss Plaintiff's § 1985 claim without prejudice.

### F. Punitive Damages Claim.

Count 10 of the Amended Complaint sets forth a claim for punitive damages. There is no separate cause of action for punitive damages. To the extent the Amended Complaint attempts to plead punitive damages as a free-standing cause of action, Defendants motion will be granted. This ruling does not, however, preclude Plaintiff from seeking punitive damages as a remedy in this case.

## IV. United States' Motion to Dismiss.

The Amended Complaint asserts several claims against the United States. In addition, the United States was substituted for Defendants Jacobs and Truchon on Counts 4, 6, 7, 8, and 9 pursuant to 28 U.S.C. § 2679(d)(2). Doc. 42. The United States now seeks dismissal of these counts on its own behalf and on behalf of the Defendants for whom it was substituted. Doc. 49.

### A. Claims against the FBI.

The United States asks the Court to dismiss all claims against the FBI. Because those claims have been removed from the Second Amended Complaint (Doc. 74), this issue is moot.

### B. Fraud and Negligent Misrepresentation.

The United States argues that the fraud and misrepresentation claims against it are barred by sovereign immunity. The Court agrees for reasons previously stated in this case by Judge Rayes. *See* Doc. 15 at 5. To the extent Plaintiff continues to assert claims against the United States for fraud and negligent misrepresentation, they are dismissed with prejudice. *See* 28 U.S.C. § 2680(h).

The United States also argues that the fraud and negligent misrepresentation claims should be dismissed against Defendants Jacobs and Truchon because the United States has substituted for them in this case. The motion cites no authority, however, for the proposition that a substitution under § 2679(d)(2) brings with it the sovereign immunity defenses available to the United States under § 2680(h). In the absence of such authority, the Court will deny the motion to dismiss.

The Court notes, however, that the fraud and negligent misrepresentation claims against Defendant Jacobs were found by Judge Sedwick to be time-barred, a decision affirmed on appeal. Doc. 87. The same time-bar would appear to apply to the claims against Defendant Truchon. Even if it could not be said that Plaintiffs knew the facts relating to Truchon's alleged fraud and misrepresentation in 2003, Plaintiff certainly knew them in 2008 when he asserted virtually all of the facts at issue in this case in support of his petition for post-conviction relief. Claims accruing in 2008 would clearly be time-barred under the one- or two-year statute of limitations found applicable by Judge Sedwick and the Ninth Circuit. Docs. 30-3, 87.

### C. Malicious Prosecution.

As noted above, the Court will reserve ruling on the various malicious prosecution arguments until related cases have been consolidated.

### D. Abuse of Process.

The United States argues that claims for abuse of process are time-barred. For reasons set forth above, the Court agrees. Count 6 will be dismissed with prejudice as time-barred.

### E. Negligent Supervision.

The United States contends that Plaintiff's claim for negligent supervision (Count 9) is also time-barred. The claim applies to the United States' supervision of Gordwin and Jacobs. Doc. 18 at 18. Judge Sedwick held that the claim of negligent supervision based on Mesa's supervision of Jacobs was time-barred, and the Ninth Circuit affirmed. Doc. 87. For the same reasons, any claim against the United States based on the supervision of Jacobs is time-barred. In addition, because it is clear that Plaintiff knew the facts regarding Defendant Gordwin's alleged wrongdoing by 2008, any claim against the United States based on negligent supervision arising out of those facts is also time-barred.

## V. Jacobs and Truchon's Motion to Dismiss.

### A. *Bivens* Claim Against Truchon.

Count 2 of the Amended Complaint asserts a claim against Defendants Gordwin and Truchon under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 18 at 11. Defendant Truchon argues that the Amended Complaint lacks sufficient factual allegations to state a *Bivens* claim against him.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009), the Supreme Court rejected "supervisory liability" under *Bivens*, explaining that supervisors "may not be held accountable for the misdeeds of their agents." *Id*. at 677. The Supreme Court explained that individuals "cannot be held liable unless they themselves acted" in violation of citizen's constitutional rights. *Id*. at 683. "[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id*. at 677. "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. at 676; *see also OSU Student Alliance v. Ray*, 699 F.3d 1053, 1075 (9th Cir. 2012) (even for constitutional claims that do not require a specific intent on the part of the defendant, the complaint must allege "*facts* that demonstrate an immediate supervisor knew about the subordinate violating another's federal

constitutional right . . . and acquiescence in that violation") (emphasis added).

The Amended Complaint alleges Truchon "was Mr. Gordwin's direct supervisor during all times relevant hereto. In that capacity, [Truchon] supervised, had knowledge of and authorized Mr. Gordwin's actions during [the investigation]." Doc. 18, ¶ 7. Truchon "oversaw and supervised Defendant Gordwin and failed to act to prevent the conduct that resulted in damages to Plaintiff." *Id.*, ¶ 39. Finally, Truchon "had direct knowledge that Gordwin has [sic] presented false evidence and testimony and by failing to act to obtain Plaintiff's release, [he] failed to reasonably respond to it." *Id.*, ¶ 85. Other than stating that Truchon was Gordwin's supervisor, the Amended Complaint sets forth no facts showing that Truchon had the knowledge attributed to him in these conclusory allegations. The Amended Complaint thus fails to show that Truchon, through his own individual actions, violated Plaintiff's constitutional rights. The *Bivens* claim against Truchon (Count 2) will be dismissed.[1]

**B.     Section 1983 Claim Against Truchon and Jacobs.**

The parties appear to agree that a § 1983 claim cannot be based on actions taken under color of federal law, but may be asserted against state officials who act under color of state law or federal officials who conspire with state officials acting under color of state law. Docs. 90 at 10; 93 at 2 (citing *Hindes v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1988); *Olson v. Norman*, 830 F.3d 811, 821 (8th Cir. 1987)). The Amended Complaint alleges that Jacobs acted under color of state law and that Truchon is also considered a state actor because he conspired with Jacobs. Doc. 18, ¶ 43. Defendants argue that this cannot be correct because Jacobs, although a Mesa police officer, was acting on a federal task force at the time of the events at issue in this case and is therefore deemed a federal employee. The only authority cited in support of this assertion is the document by which the United States substituted into this case on behalf of Jacobs (Doc. 93 at 3), but the

---

[1] Although Defendant Jacobs is not named in Count 2, he suggests that the § 1983 claim against him should be construed as a *Bivens* claim. Doc. 82 at 8-9 & n.6. He bases this assertion in part on the argument that the § 1983 claim is not properly pleaded. Because the Court disagrees with this assertion, it will not construe the § 1983 claim against Jacobs as a *Bivens* claim.

- 9 -

Court does not find that document conclusive. Plaintiff has alleged that Jacobs and Truchon were acting under color of state law and conspired with each other, and the Court will not dismiss the § 1983 claims against them on the basis of factual assertions by Defendants. This issue is more properly addressed at the summary judgment stage.

### C. Malicious Prosecution.

Defendants make the same malicious prosecution arguments that the Court will reserve until after the relevant cases have been consolidated.

### D. Jacobs' Grand Jury Testimony.

Defendants suggest that some or all of the claims against Jacobs should be dismissed because he enjoys absolute immunity for his testimony before the grand jury. *See* Doc. 18, ¶ 53. Plaintiff responds that his claims are not based on Jacob's grand jury testimony. Doc. 90 at 17. In light of this assertion, the Court will not dismiss claims at this point. Defendants may raise this issue again if they feel claims in this case are, in fact, being asserted on the basis of Jacobs' grand jury testimony.

### E. Section 1985 and Punitive Damages.

Defendants contend that Plaintiff has failed to plead a sufficient claim under § 1985. For reasons stated above, the Court agrees. Count 5 will be dismissed. Defendants also contend that there is no stand-alone claim for punitive damages. The Court agrees and, as noted above, will dismiss any such claim while reserving Plaintiff's ability to seek punitive damages as a remedy.

## VI. Litigation Schedule.

As discussed with the parties on January 29, 2015, the Court revises the litigation schedule as follows:

a. The fact discovery deadline will be extended to **April 1, 2015.**

b. Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **April 10, 2015**.

c. Defendants shall provide full and complete expert disclosures as required

by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **May 8, 2015**.

      d.    Rebuttal expert disclosures, if any, shall be made no later than **May 29 2015**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

      e.    Expert depositions shall be completed no later than **June 26, 2015**.

      f.    The parties shall engage in good faith settlement talks by **April 1, 2015**.

      g.    Dispositive motions shall be filed by **July 10, 2015**.

All other terms of the Scheduling Order (Doc. 44) remain in effect with the exception of the Trial Scheduling Conference. The Court will set the trial date at the final pretrial conference.

**IT IS ORDERED:**

1. The motion for judgment on the pleadings and motions to dismiss (Docs. 30, 49, 82) are **granted in part and denied in part** as set forth above.

2. The motion to amend (Doc. 74) and motion to dismiss Defendant Gray (Doc. 89) are **granted**.

3. The motion for extension of time (Doc. 73) is **granted** and the litigation schedule is revised as set forth above.

Dated this 2nd day of February, 2015.

_____
David G. Campbell
United States District Judge