**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl West,<br><br>     Plaintiff,<br><br>v.<br><br>City of Mesa, et al.,<br><br>     Defendants. | NO. CV 12-0657 PHX-DGC<br><br>(CONSOLIDATED)<br><br>**ORDER** |

Plaintiff has filed a motion to file a consolidated complaint. Doc. 27. The Court addressed the motion with the parties at a status conference on February 17, 2015. The Court will grant the motion in part and deny it in part. The Court will also adjust the litigation schedule as discussed at the conference.

**I. Motion to File Consolidated Complaint.**

Although these consolidated cases have been pending for some time and have seen several complaints and amended complaints, a portion of the case has returned recently from the Ninth Circuit with directions to permit a revised complaint. In addition, now that the cases have been consolidated, the Court concludes that a single complaint should be filed to clarify the issues pending in the case. The Court advises the parties, however, that it does not intend to permit additional amendments. The deadline for amending the complaint in CV-14-254 passed on December 1, 2014, and CV-12-0657 has been pending for more than two years.

Count 6 asserts claims for abuse of process against all Defendants other than Van Norman and Smith. Doc. 27-2 at 18. The Court previously granted judgment on the pleadings with respect to the abuse of process claims against Defendants Mesa and Jacobs. Doc. 21 at 3-4. The Court also dismissed the abuse of process claim against the United States with prejudice. *Id.* at 7. The remaining defendants in this count, Gordwin and his supervisor Truchon, are in the same position. As Judge Sedwick concluded and the Ninth Circuit affirmed, the abuse of process claim accrued in 2003 and is barred by the statute of limitations. Doc. 13 at 5 & n. 23; CV-14-254, Doc. 87, Ex. 1. The Court will therefore not grant leave to assert Count 6.[1]

Counts 7 and 8 assert claims for fraud and negligent misrepresentation against Defendants Gordwin and Jacobs. Doc. 27-1 at 20-21. Judge Sedwick dismissed these claims against Jacobs as time-barred and the Ninth Circuit affirmed. Doc. 13 at 5 & n. 23; CV-14-254, Doc. 87, Ex. 1. For this reason, the Court already ruled that the claims cannot be asserted against Jacobs in this action. Doc. 21 at 7. The same ruling applies to the fraud and negligent misrepresentation claims against Gordwin. Judge Sedwick found that such claims accrued in 2003, the Ninth Circuit agreed, and the claims therefore are time-barred. *Id.* The Court will not grant leave to assert Counts 7 and 8.

Count 9 asserts a claim for negligent supervision against Truchon. Doc. 27-2 at 21-22. The Court previously held, on the basis of the rulings by Judge Sedwick and the Ninth Circuit, that claims for negligent supervision arising out of the supervision of Gordwin are time-barred. Doc. 21 at 8. The Court will not grant leave to assert Count 9.

The consolidated complaint includes a section on punitive damages, but it is not labeled as a separate count. Doc. 27-2 at 23. The Court construes it as a request for a remedy and not as a separate count in the complaint. Defendants therefore need not address it in their motions to dismiss.

---

[1] Plaintiff need not file a revised complaint. They should file the proposed consolidated complaint (Doc. 27-2). Count 6, and the other counts dismissed in this order, will remain in the consolidated complaint for purposes of appeal, but will not be at issue in this case.

**II.     Litigation Schedule.**

As discussed with the parties on February 17, 2015, the Court revises the litigation schedule as follows:

    a.    Defendants shall file their motion to dismiss by **March 6, 2015**. Plaintiff shall file his response by **March 16, 2015**. Defendants shall reply by **March 23, 2015**.

    b.    The fact discovery deadline will be extended to **April 17, 2015**.

    c.    Plaintiff shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **April 10, 2015**.

    d.    Defendants shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure no later than **May 8, 2015**.

    e.    Rebuttal expert disclosures, if any, shall be made no later than **May 29, 2015**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

    f.    Expert depositions shall be completed no later than **June 26, 2015**.

    g.    The parties shall engage in good faith settlement talks by **April 1, 2015**.

    h.    Dispositive motions shall be filed by **July 10, 2015**.

All other terms of the Scheduling Order (CV-14-254, Doc. 44) remain in effect with the exception of the Trial Scheduling Conference. The Court will set the trial date at the final pretrial conference.

**The parties are advised that the Court will not be inclined to grant further extensions of this schedule, and should plan their discovery activities accordingly.**

**IT IS ORDERED:**

1. Plaintiff's motion for leave to file a consolidated complaint (Doc. 27) is **granted in part and denied in part** as set forth above.

1  2. The litigation schedule is revised as set forth above.

2  Dated this 18th day of February, 2015.

_____
David G. Campbell
United States District Judge