WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl West,<br><br>    Plaintiff,<br><br>v.<br><br>Mesa, City of, et al.,<br><br>    Defendants. | No. CV-12-00657-PHX-DGC<br><br>**ORDER** |

Plaintiff and Defendant United States have filed motions for reconsideration. Docs. 66, 68. Plaintiff joins in the United States' motion. The Court will grant the motion of the United States and deny Plaintiff's motion.

**I.    Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *Collins v. D.R. Horton, Inc.*, 252 F. Supp. 2d 936, 938 (D. Ariz. 2003). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz.

1998); *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

## II. The United States' Motion.

On April 29, 2015, the Court dismissed for lack of subject-matter jurisdiction Plaintiff's state law malicious prosecution claim (count four) brought against the United States as substitute party defendant for failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"). Doc. 64 at 15-16. The Court found that Plaintiff has "failed to allege that he presented his claim to the FBI or other appropriate federal agency and that it was denied," and thus the Court found it lacked jurisdiction over the claim. Doc. 64 at 15. The United States now concedes that Plaintiff exhausted the claim and asserts it did not move to dismiss for failure to exhaust. Doc. 66, ¶ 5. It points to Exhibit F in Case No. 14-254, which is a copy of a complaint Plaintiff submitted to the FBI. Case No. 14-254, Doc. 8-7.

Exhibit F contains the same allegations as all of Plaintiff's complaints in this matter. *See* Docs. 1-2, 23, 26, 27-2, 65; Case No. 14-254, Docs. 1, 18. Plaintiff submitted his administrative complaint to the FBI on August 19, 2013, approximately six months before he filed his second action in this Court on February 10, 2014. Case No. 14-254, Doc. No. 1. Although there is no actual evidence that the claim was denied by the FBI, the Court may treat the claim as denied if the agency fails "to make a final disposition of [the] claim within six months after it is filed[.]" 28 U.S.C. § 2675(a).

With these facts in mind, the Court finds that Plaintiff exhausted his count four claim. When Plaintiff filed his first complaint in Case No. 12-657, he did not bring claims under the FTCA because the United States had not sought to substitute itself as party defendant on count four. Before filing Case No. 14-254, Plaintiff sought to exhaust his claim by submitting a complaint to the FBI. The two cases were then consolidated, effectively serving to amend Plaintiff's first complaint. Given this unique procedural posture, coupled with the fact that the United States concedes that Plaintiff properly presented the claim to the appropriate agency, the Court will reinstate count four brought

against the United States as substitute party defendant. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855-56 (9th Cir. 2011) (finding claimant exhausted claims where the original complaint did not seek relief under the FTCA, but plaintiff later amended the complaint after exhaustion to include FTCA claim against the United States, and noting "[t]here is nothing in the statute or case law that would prevent a plaintiff from amending an existing complaint asserting non-FTCA claims to name the United States as a defendant and include FTCA claims once those claims have been administratively exhausted"). The individual Defendants remain dismissed from count four.

### III. Plaintiff's Motion.

Plaintiff first argues that the Court should have found that Defendants Brian Truchon and Jeffrey Jacobs "were at times state actors and at other times federal actors." Doc. 68 at 2. He asserts this is a question of fact for the jury. But Plaintiff failed to argue this point in his response to Defendants' motions to dismiss, and the Court may reject the argument solely on this ground. *See Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) ("Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs.").

The Court also noted in the order that such an argument would have failed "because 'it is legally inconsistent to allow simultaneous claims for violations of Section 1983 and *Bivens* against the same defendants.'" Doc. 64 at 13-14 n.7 (quoting *Amoakohene v. Bobko*, 792 F. Supp. 605, 608 (N.D. Ill. 1992)). In addition, Plaintiff failed to rebut the Scope Certification, which was prima facie evidence that both Truchon and Jacobs were acting within the scope of their *federal* employment. *See Billings v. United States*, 57 F.3d 797, 800 (9th Cir, 1995). Thus, to the extent that Plaintiff asserts the "Court misapplied the law as it relates to the employment context," the Court disagrees.

Plaintiff further argues the Court erred in finding that Jacobs was acting under color of federal law. During briefing, the parties argued this issue extensively and the

Court found that Plaintiff failed to rebut the Scope Certification. Plaintiff merely asks the Court to rethink its analysis, which the Court declines to do. *See Rezzonico*, 32 F. Supp. 2d at 1116.

Plaintiff argues that the Court improperly dismissed his abuse of process claim. He claims that Defendants' scheme to have two witnesses killed and continue an affair constitutes an improper use of the judicial process. "Abuse of process is a definite act or threat not authorized by the process, or aimed at an objective not legitimate in the course of the process." *Donahue v. Arpaio*, 869 F. Supp. 2d 1020, 1060 (D. Ariz. 2012) (internal quotation marks omitted). Plaintiff does not allege that Defendants began any legal process intending a result not contemplated by the process, such as prosecuting an individual in order to extort money. The allegations simply state that Defendants sought to prosecute Plaintiff without probable cause. As the Court noted in the order, initiating a prosecution without justification is not an improper purpose sufficient for a claim of abuse of process. S*ee Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 888 (Ariz. Ct. App. 2004).

Plaintiff also appears to argue that new evidence demonstrates direct involvement by Truchon sufficient to state a *Bivens* claim. The evidence submitted by Plaintiff consists of two exhibits. Doc. 69-1, Exs. 3, 4. The first exhibit details the role of Truchon as supervisor and states that he is in charge of the "day-to-day operation and administrative control" of the Violent Street Gangs Task Force. The second exhibit is a memo written by Truchon notifying Oklahoma City that he was sending a cooperating witness with a suspect who was traveling to Oklahoma City. In its order, the Court dismissed the *Bivens* claim against Truchon because Plaintiff set forth the exact same allegations that the Court had previously found deficient. The evidence now presented by Plaintiff does not change the insufficiency of his pleading. Nor does it demonstrate more than mere "supervisory liability" alleged against Truchon, which the Supreme Court has repeatedly held insufficient, *see Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (holding that individuals may only "be held liable [if] they themselves acted in violated of [a] citizen's

constitutional rights") (internal quotations omitted). Plaintiff fails to allege that Truchon took any direct action that violated his constitutional rights, and the additional evidence does not aid Plaintiff's argument.

Plaintiff finally requests that the Court permit him to amend his § 1985 conspiracy claim. The Court dismissed the claim because the complaint contained no allegations about "Plaintiff's race, the race of Defendants, the race of other participants in the state prosecution, or any other facts that would suggest that the wrongs alleged were in any way related to race." Doc. 64 at 16 (internal quotation omitted). Plaintiff has repeatedly failed to correct his deficient pleading in this case, even when the Court specifically identified the deficiency. *See* Doc. 27-2, ¶¶ 65-68; Doc. 23, ¶¶ 65-68; Case No. 14-254, Doc. 18, ¶¶ 65-68. Plaintiff now seeks leave to allege his own race, but he does not request that he be permitted to allege any other facts that would suggest racial animus or motive behind the alleged wrongful conduct, nor does he seek to include any facts the Court noted would be relevant to such a claim. The Court denies Plaintiff's request.

In sum, Plaintiff has failed to show manifest error in the Court's decision. He has also failed to provide new facts or legal authority that would have changed the outcome. Plaintiff's motion will be denied.

**IT IS ORDERED** that Defendant United States' motion for reconsideration (Doc. 66) is **granted** and Plaintiff's motion for reconsideration (Doc. 68) is **denied**. Count four will be reinstated against the United States.

Dated this 15th day of May, 2015.

_____
David G. Campbell
United States District Judge